UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                        ORDER

MIGUEL MARQUEZ,                            11-CR-629-9 (CS)

               Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Miguel Marquez's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 394, 400, 401-02), and the Government's opposition thereto, (Doc. 403).[1]

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family

---

      [1]When able to do so, the Government is directed to send to chambers for filing under seal hard copies of the exhibits to its opposition that it did not publicly file to protect Defendant's privacy,

circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant does not specify which category he meets, although it appears he believes he fits within the fourth category. In his initial submission, he argued that he had changed for the better, had a daughter with serious kidney disease, and was at high risk for COVID-19 because he has asthma. (Doc. 394.) In a subsequent submission he added that he was borderline diabetic and had high blood pressure, and had taken many classes while incarcerated. (Doc. 400.) His application was initially denied for failure to exhaust, (Doc. 399), but he has since exhausted and renewed his motion, noting his health, his daughter, his education and how he has changed and no longer blames the Government for his situation, (Doc. 401-02).

According to the Centers for Disease Control ("CDC"), Type 2 diabetes mellitus is a risk factor for a severe case of COVID-19, but Defendant does not claim to have that diagnosis, nor do his medical records show it. The CDC says that hypertension might be a risk factor, but Defendant's medical records do not show any diagnosis of or treatment for that condition. Asthma also might be a risk factor. Defendant's records show that, until April 2020, his asthma was so well controlled that he almost never used an inhaler and even declined in July 2019 to be seen in the pulmonary clinic, knowing that meant his inhaler would not be renewed. In April 2020 he was seen for wheezing and given another inhaler. Defendant's mild case of one condition that might put him at increased risk does not amount to an extraordinary and compelling circumstance.

Defendant's daughter's situation is most unfortunate and it is to Defendant's credit that he feels terrible that he cannot be there for her. But apparently she is getting treatment under the care of her mother, and – as the Government points out – most prisoners who are parents long to

be with their children and regret the activity that has caused their separation.  This is not a situation where becoming a parent prompts a significant change in a defendant's worldview and conduct; Defendant continued his association with the Cliff Street Gangsters, his drug dealing and his gun possession after that daughter came into the world.  The situation does not rise to the level of extraordinary or compelling.

Defendant also has described how he has changed and become a better person.  It does appear that he has taken many courses and that is to his credit.  But the comments in the instant application are similar to the comments Defendant made at sentencing, and events since then have shown his words at sentencing to ring hollow.  He has been disciplined eight times in custody, and he file a petition under 28 U.S.C. § 2255 that included false accusations against his lawyer.  While Defendant has not had any discipline since October 2018 – perhaps a sign that he is maturing – I would have to be naive to take Defendant's words at face value now.  While Defendant's educational efforts and recent good behavior are to be commended, I cannot say that maturing and staying out of trouble (which, after all, is no more than what an inmate is required to do) amounts to an extraordinary or compelling reason.

Thus, I find that the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling circumstances on the current record.  Even if they did, I would still have to consider the § 3553(a) factors.  Defendant's offense was serious. He was sentenced to a mandatory minimum of 10 years for his involvement in a conspiracy to sell more than 280 grams of crack and more than 40 kilograms of marijuana.  He was sentenced to five more years, to run consecutive, for the use of a firearm in connection with that offense. His drug dealing and gun use was done in connection with a violent gang that caused major harm to the community.  At the time he was sentenced,  he had twelve prior convictions, for offenses

including robbery, drugs and domestic violence, and some of them were committed while he was on supervision.  It would undermine several of the 3553(a) factors to release Defendant to home now, when he has served only three-fifths of his sentence.  Doing so would not sufficiently reflect the seriousness of the offense or address Defendant's lack of respect for the law; would introduce unwarranted sentencing disparities; would not sufficiently deter Defendant and others; and would not sufficiently address the need to protect the public from further crimes of Defendant, given his record.  Accordingly, on balance, even if Defendant had shown extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them at this time.  The motion is therefore denied.[2]

Dated: July 19, 2020
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[2] In light of my ruling, the last thing Defendant probably wants to hear from me is a lecture.  But I do want to encourage him to keep up his education and good behavior, which can only stand him in good stead down the road.  I also want to send my best wishes for his daughter's health.  I hope her condition improves without the need for a transplant, but if, God forbid, she needs a kidney in the future, and he is the only or best potential donor, he may of course renew this application.