UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                               ORDER

MIGUEL MARQUEZ,                      No. 11-CR-629-9 (CS)

                  Defendant.
---------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Miguel Marquez's renewed motion for reduction of

sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release."  (ECF Nos. 501-

02.)

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of a serious health condition from which

he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing

a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an

extraordinary and compelling reason other than or in combination with one of the above.  But

"[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline

§ 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d

Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under

Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On December 18, 2012, Defendant was sentenced principally to 180 months'

imprisonment. (ECF No. 206.) The sentence was below his Sentencing Guidelines range of

200-235 months. (ECF No. 240-4 at 19:12-16.)

Defendant notes that two of his co-defendants recently received sentence reductions

based on discharged state sentences for which the Court could not give credit at the time of

sentencing because of applicable mandatory minimums. He argues that he should similarly

receive credit for 18 months he spent in state custody for a charge of which he was acquitted.

Having been told multiple times that the Court gave him credit at sentencing for that time, (*see*

*id.* at 19:9-11, 21:21-23; ECF Nos. 217, 263, 347, 495), Petitioner now adds a new twist. He

claims that he was promised by both the lawyer that represented him at his plea and the lawyer

that represented him at his sentencing that he would get a sentence of 180 months, and although

that is the sentence he received, the 18 months should have been subtracted from or credited

against that number.

I do not believe for a minute that any such promise was made, let alone by two different

experienced, vetted criminal defense lawyers. If such a promise were made, it is beyond curious

that Defendant never mentioned it in his many previous submissions, including those trying to

get his sentence reduced on the same grounds raised here. (*See* ECF Nos. 217, 223, 226, 230,

242, 348, 421, 468.) Moreover, Defendant's claim is wholly belied by his statements at his plea,

when he stated (among other things) that he understood that nobody, including his lawyer, could

give him any assurance as to what his sentence would be, (*id.* at 14:16-15:2); that other than the

Government's promises in the plea agreement, nobody had offered him any inducements to plead

guilty, (*id.* at 16:12-15); and that nobody had made him a promise as to what his sentence would

be, (*id.* at 16:16-18).  In addition, at the plea he was told several times that his sentence could be

as much as life, and although he now claims he did not understand that, each time he said that he

did.  (*See id.* at 8:11-18, 9:19-10:1, 10:6-10, 10:22-24.)  I have no reason to believe Defendant's

newfound claim, especially in light of his previous false statements in his post-conviction

submissions.  (*See* ECF Nos. 223, 246 at 6-8 & n.4, 410 at 3.)

Thus, Defendant has not shown extraordinary and compelling circumstances.  Even if he

had, I would still have to consider the § 3553(a) factors.  As noted in my decision on Defendant's

previous motion for sentence reduction, (ECF No. 410), he was sentenced for his involvement in

a conspiracy to sell more than 280 grams of crack and more than 40 kilograms of marijuana, and

the use of a firearm in connection with that offense.  His drug dealing and gun use were in

connection with a violent gang that caused major harm to the community.  At the time he was

sentenced, he had twelve prior convictions, for offenses including robbery, drugs and domestic

violence, and some of them were committed while he was on supervision.  I then found, and still

believe, that a sentence reduction would undermine several of the 3553(a) factors, in that it

would not sufficiently reflect the seriousness of the offense or address Defendant's lack of respect

for the law; would introduce unwarranted sentencing disparities; would not sufficiently deter

Defendant and others; and would not sufficiently address the need to protect the public from

further crimes of Defendant, given his record.  I would add that Defendant's repeated false

statements to the Court, over a period of years and including in the instant application, suggests

that he has not accepted responsibility or developed respect for the law, which bodes poorly for

his prospects for being law-abiding upon release.  Accordingly, even if Defendant had shown

extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

The motion is denied.[1]  The Clerk of Court is respectfully directed to send a copy of this

Order to Miguel Marquez, No. 65546-054, FCI Terre Haute, Federal Correctional Institution,

P.O. Box 33, Terre Haute, IN  47808.

Dated:  February 22, 2023
        White Plains, New York

_Cathy Seibel_

_____
CATHY SEIBEL, U.S.D.J.

---

[1]The Court will not address Defendant's placement in the Special Housing Unit or the Bureau of Prisons' calculation as to when he is eligible for a halfway house.  (See ECF No. 503.) The events he describes do not amount to extraordinary and compelling circumstances, and § 3582(c)(1)(A) motions should not become mechanisms for courts to review BOP housing or disciplinary decisions or for inmates to skirt the prescribed administrative and judicial  avenues for their grievances.